IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:15-cv-1711 |
| | ) |
| PAYLESS LIQUORS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, William Smith, Jr., for his complaint against Defendant, Payless Liquors, Inc. ("Payless"), states the following:

**I.  Parties**

1. Plaintiff is a resident of Greenwood, Indiana.

2. Defendant is an incorporated business with store locations throughout Indianapolis, Indiana.

**II.  Jurisdiction and Venue**

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff brings this action to enforce his rights under ERISA.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant's doing business in this District.

**III.  Factual Allegations**

5. Plaintiff began working for Defendant on October 20, 2003.

6. Plaintiff was an employee of Defendant.

7. Defendant paid Plaintiff on a salary basis.

8. Plaintiff was a full-time employee of Defendant.

9. Plaintiff was a beneficiary of the Payless Profit Sharing Program.

10. Defendant is the administrator of the Payless Profit Sharing Program.

11. On or about February 21, 2014, Plaintiff sent Defendant a letter via certified mail requesting information on the Payless Profit Sharing Program, requesting any paperwork needed for disbursement and the timeline for disbursement.

12. Defendant failed to respond to the February 21, 2014 letter.

13. On May 2, 2014, Plaintiff sent Defendant a letter via certified mail requesting a copy of the Summary of Material Modifications and the Summary Plan Description for the Payless Profit Sharing Program.  A true and accurate copy of the May 2, 2014 letter is attached hereto as Exhibit 1.

14. In the May 2, 2014 letter, Plaintiff also requested disbursement of his benefits from the Payless Profit Sharing Program based upon the fact that he was disabled.

15. Plaintiff attached to the May 2, 2014 letter a March 20, 2014 letter from Dr. Stanley R. Adkins stating that Plaintiff was disabled.  A true and accruate copy of the March 20, 2014 letter is attached hereto as Exhibit 2.

16. Defendant failed to respond in any fashion to the May 2, 2014 letter.

17. On July 9, 2014, counsel for Plaintiff talked with counsel for Defendant regarding the May 2, 2014 requests.

18. On July 28, 2014, counsel for Plaintiff sent a letter reiterating Plaintiff's request to Defendant and counsel for Defendant.  A true and accurate copy of the July 28, 2014 letter is attached hereto as Exhibit 3.

19. Finally, on August 4, 2014, Defendant responded to Plaintiff's repeated requests. A true and accurate copy of the August 4, 2014 letter is attached hereto as Exhibit 4.

20. In the August 4, 2014 letter, Defendant states that "... early distributions are at the discretion of the administrator ..."  *See* (Exhibit 4).

21. Defendant states that "... willing to disburse Mr. Smith's vested balance provided he releases Payless Liquors, Inc. from any and all future claims." *See* (Exhibit 4).

22. Defendant wrongfully denied Plaintiff's claim for disbursement of his benefits.

23. Defendant wrongfully attempted to obtain a release in exchange for Plaintiff's benefits.

24. Defendant failed to notify Plaintiff of his rights under ERISA including his right to appeal the denial or bring an action in federal court to enforce his rights under the Plan or any other obligation required by ERISA.

25. Defendant finally provided Plaintiff with the requested Plan documentation also on or about August 4, 2014.

26. On March 30, 2015, Plaintiff sent Defendant a certified letter requesting immediate disbursement of his benefits under the Plan due to his disability. A true and accurate copy of the March 30, 2015 letter is attached hereto as Exhibit 5.

27. Attached to the March 30, 2015 letter was a copy of the disability finding by the Social Security Administration.

28. Defendant failed to respond to Plaintiff's March 30, 2015 letter.

29. Defendant again wrongfully denied Plaintiff's claim for disbursement of his benefits.

30. Defendant again failed to notify Plaintiff of his rights under ERISA including his right to appeal the denial or bring an action in federal court to enforce his rights under the Plan or any other obligation required by ERISA.

31. On June 24, 2015, Plaintiff sent Defendant a certified letter requesting the following Plan documents: (1) the most recent Financial Statement of the Plan; (2) the most recent Participants Statement; and (3) the most recent Plan Document. A true and accurate copy of the June 24, 2015 letter is attached hereto as Exhibit 6.

32. To date, Defendant has failed to provide the requested Plan documentation.

33. Defendant finally paid Plaintiff his benefits under the Plan on or about July 7, 2015.

34. Defendant wrongfully delayed the payment of Plaintiff's benefits under the Plan.

## Count I
## Violation of ERISA, 29 U.S.C. § 1166
## Enforceable Pursuant to ERISA, 29 U.S.C. § 1132

35. Mr. Smith incorporates paragraphs 1 through 34 by reference herein.

36. Defendant had a duty to provide Plaintiff requested information and documentation regarding the Plan in a timely fashion.

37. Defendant had a duty to provide Plaintiff requested information and documentation in conformance with the laws and regulations governing the Plan.

38. Defendant breached its duty to timely provide requested information and documentation regarding the Plan.

39. Defendant breached its duty to provide requested information and documentation regarding the Plan in conformance with the laws and regulations governing the Plan.

40. Plaintiff has been damaged by Defendant's breach of duties.

41.     Defendant is liable for administrative penalties for these breaches of duties.

WHEREFORE, Plaintiff prays that the Court:

A.      Grant any and all monetary relief available to Plaintiff including, but not limited to, administrative penalties, as permitted by ERISA.

B.      Grant any and all equitable relief available to Plaintiff as permitted by ERISA.

C.      Enter an order awarding Plaintiff all reasonable attorney fees and costs incurred as a result of these violations of ERISA.

D.      Enter an order for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy

### Count II
### Violation of ERISA

42.     Plaintiff incorporates paragraphs 1 through 41 by reference herein.

43.     Defendant had a duty to provide Plaintiff with Plan documentation as a beneficiary of the Plan on an annual basis.

44.     Defendant had a duty to provide Plaintiff with Plan documentation as a beneficiary of the Plan upon certain events taking place.  For example, amendment of the Plan.

45.     Defendant breached its duty to provide Plan documentation annually or upon certain events as required by ERISA.

46.     Plaintiff has been damaged by Defendant's breach of duties.

47.     Defendant is liable for administrative penalties for these breaches of duties.

WHEREFORE, Plaintiff prays that the Court:

A. Grant any and all monetary relief available to Plaintiff including, but not limited to, administrative penalties, as permitted by ERISA.

B. Grant any and all equitable relief available to Plaintiff as permitted by ERISA.

C. Enter an order awarding Plaintiff all reasonable attorney fees and costs incurred as a result of these violations of ERISA.

D. Enter an order for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy

## Count III
## Violation of ERISA

48. Plaintiff incorporates paragraphs 1 through 47 by reference herein.

49. Defendant had a duty to provide certain information to Plaintiff upon denial of his benefits.

50. Defendant had a duty to respond to Plaintiff regarding his request for his benefits.

51. Defendant had a duty to provide Plaintiff with his benefits in a timely fashion.

52. Defendant failed to provide required information to Plaintiff regarding his denial of benefits.

53. Defendant failed to respond to Plaintiff regarding his request for benefits.

54. Defendant did not provide Plaintiff with his benefits in a timely fashion.

55. Plaintiff has been damaged by Defendant's breach of duties.

56. Defendant is liable for administrative penalties for these breaches of duties.

WHEREFORE, Plaintiff prays that the Court:

      A.      Grant any and all monetary relief available to Plaintiff including, but not limited to, administrative penalties, as permitted by ERISA.

      B.      Grant any and all equitable relief available to Plaintiff as permitted by ERISA.

      C.      Enter an order awarding Plaintiff all reasonable attorney fees and costs incurred as a result of these violations of ERISA.

      D.      Enter an order for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy

## Count IV
## Violation of ERISA and/or FLSA

57.      Plaintiff incorporates paragraphs 1 through 56 by reference herein.

58.      Defendant retaliated against Plaintiff by withholding his Plan benefits for previously suing Defendant for claims pursuant to the FLSA.

59.      Defendant attempted to get a release of claims in exchange for Plaintiff's Plan benefits in violation of ERISA.

60.      Defendant violated ERISA by retaliating against Plaintiff.

61.      Defendant violated the FLSA by retaliating against Plaintiff.

62.      Plaintiff has been damaged by Defendant's violations of law.

WHEREFORE, Plaintiff prays that the Court:

A. Grant any and all monetary relief available to Plaintiff including, but not limited to, administrative penalties, as permitted by ERISA and/or the FLSA.

B. Grant any and all equitable relief available to Plaintiff as permitted by ERISA and/or the FLSA.

C. Enter an order awarding Plaintiff all reasonable attorney fees and costs incurred as a result of these violations of ERISA and/or FLSA.

D. Enter an order for such other relief as may be just and appropriate.

    Respectfully submitted,

    WELDY LAW

    /s/Ronald E. Weldy
    Ronald E. Weldy
    Attorney for Plaintiff,
    William Smith

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 842-6933
E-mail: weldy@weldylaw.com